IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:20-CR-00046-KDB-SCR-13

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| SAMANTHA JEAN TAYLOR, | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for application of the Sentencing Commission's recent amendment to U.S.S.G. §4A1.1 (Amendment 821) and appointment of counsel. (Doc. No. 483).

In an addendum to Defendant's Presentence Report, Defendant was assessed two criminal history points called "status points" as she committed the offense while under a criminal justice sentence. (Doc. No. 335). This gave the Defendant nine criminal history points when added to the seven points computed in her Presentence Report and a criminal history category of IV. (Doc. No. 259, ¶ 50). Under the amendment to U.S.S.G. §4A1.1(e), the Defendant would only receive one status point and would then only have eight criminal history points, which is still a criminal history category IV, and thus does not change the applicable sentencing guidelines.

A defendant has no constitutional right to the appointment of counsel to file post-conviction motions. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)); *Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).

The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require, and the prisoner is financially unable to obtain representation. *See* 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, Defendant has not established that the interests of justice require the appointment of counsel. *See United States v. Riley*, 21 F. App'x 139, 141-42 (4th Cir. 2001). The Court finds that the interests of justice do not require appointment of counsel to assist the Defendant, at this time.

**IT IS THEREFORE, ORDERED**, that Defendant's *pro se* request for application of the Sentencing Commission's recent amendment to U.S.S.G. §4A1.1. (Doc. No. 483), is **DENIED** as it provides no change in the Defendant's criminal history category and no change in the applicable sentencing guidelines.

**SO ORDERED.**

Signed: November 8, 2023

Kenneth D. Bell
United States District Judge